I understand you've broken up your argument time and then you've each been allotted the time that you requested on the clock. Yes, Your Honor, and good morning. May it please the Court, Tony Sane and Abigail McLaughlin on behalf of Defendants and Appellants, the County of Riverside. Respectively, we request to reserve two minutes of our time for rebuttal. All right. Watch your clock. This Court must reverse the denial of amended judgment and instead grant judgment to defendant below on the negligence in force claim for two reasons, the first of which I will address and the second of which my partner and co-counsel, Ms. McLaughlin, will address. Whereas here, the Supreme Court has mandated that jurors must be presumed to have followed the jury instructions, and whereas here, the courts have mandated that verdict findings must be construed consistently wherever reasonable, and whereas here, the state of the pleading makes it absolutely crystal clear that the only valid negligence theory that was before this jury was negligence in force, and whereas here, the jury instructions, specifically 27, specifically stated that in order to find negligence relative to the force, you had to find that force was unreasonable. Force or restraint was unreasonable. The singular act of continuing to restrain Mr. Niedzielek after the handcuffs were on being the only factual issue that went to this jury, and where they found, as they did here in response to question one, that all such restraint force was reasonable. There cannot be negligence with regard to the force while complying with the Supreme Court mandates. And secondly, as my co-counsel will explain, on the procedural posture and the controlling case law in this particular matter, plaintiff's claims on appeal, the Pele's claims, are unsupported. Now to elaborate further on my first point, the Weeks case, Supreme Court in Weeks at page 234, makes it very clear that jurors are presumed to follow jury instructions. There was only one jury instruction that pertained to claims against the defendants. That would be jury instruction 27, negligence in force. It is undisputed in plaintiff's appeal, their opposition, that the only negligence claim going to this jury was a force-related claim. There is no claim, no plea. Well, the counsel was force or restraint. Yes, Your Honor. And the jury instructions spoke about it to tell you the circumstances, and frankly, they both did. So there's a little bit of a muddle here. First, let me ask you this. You agree that we are required to see if the verdicts are reconcilable before agreeing with your position. You have a high bar to cross. Isn't that so? I agree that you are required to find that the verdicts are reconcilable, and there's only one way to do that while also following the court's mandate that you presume jury instructions were followed, and that is to construe that since there was no actual operative negligent in medical care claim or anything else, that it was only about the negligence in continuing the ongoing restraint force applied to Mr. Niedzelik after the cuffs were off. Jury instruction 27 specifically told this jury that in order to find any negligence regarding that, they had to find unreasonable force or restraint, and the question they answered in question one was no, they did not find any unreasonable force or restraint. The only way that we can follow the Supreme Court's mandates here and construe the question answered in question three consistently with the question answered in question one is to presume that the jury was addressing some invalid negligence claim, a claim that had not been pled, that was not properly before this jury, but that the vague wording of question three invited them to consider, and if the court looks at the record. Well, let me ask you, you know, what I've wrestled with about this case is it doesn't seem to fit neatly into a force box or negligent medical treatment box, or it's a bit of a blur, right? Because the arrestee was on the ground, prone, handcuffed, and for a time he was very still for four minutes, and the jury could look at that and the force employed by the officers and think that's not excessive force, they're not applying excessive force, but did they owe a duty to make sure that he was breathing, check on him to roll him to his side, and might that contemplate a broader different negligence standard under California law? Absolutely. And so I take the plaintiff's position to be that the negligence claim fits more broadly within a context that is, it's still about the restraint of the officers, but it's focusing on different elements than what we traditionally think of under the Fourth Amendment. And so why is that wrong? So with regard to the Fourth Amendment, it is not wrong at all. But on the record, what the court needs to understand is in terms of what was the negligence theory that these plaintiffs pled. Their theory, and they presented it through their expert testimony, Mr. Noble, was that the ongoing restraint after the cuffs were on was unreasonable, and that that ongoing restraint caused the death here. Now they did not plead, and they did not dispute that there was no pleading, that there was a medical negligence claim that was viable. In fact, the only medical claim that was presented by these plaintiffs in their pleading was the 14th Amendment claim for which defendants received judgment before trial. So I don't understand why it has to be a medical negligence claim. The way I see this, given the duty that the district court judge has to reconcile the verdict, if at all possible, isn't it possible for the police not to have engaged in excessive force, but to still have acted negligently in using force that was tailored to the situation, so that, you know, the levels of mitigation of force? And the answer to that, Your Honor, is no. So the Hays Court makes it very clear that when you're evaluating negligence under California law, when it's related to an officer's use of force, whether pre-force or the force itself, you apply the Graham reasonableness standard. The same question as to whether or not the restraint itself was negligent or anything associated with the restraint was negligent is Graham reasonableness. And that standard asks the question, was the force or restraint itself reasonable? The answer to that question in Question 1 was, yes, it was. That was the only valid claim that was before this jury. There was no claim that some failure to provide medical care, some failure to put him in a recovery position, these things were not part of anything other than ongoing restraint force. Their claim, what they stipulated to you, what they raised, was that by continuing to restrain him prone, that ongoing post-cuffing restraint force was unreasonable and caused the death. I have one more question. Yes, Your Honor. And I think you wanted to reserve your time. But did you agree to the special verdict form? No, not in total, Your Honor. We objected to Question 3 very vociferously. We agreed with Question 1. But we made extensive record both at the time of trial and afterward that Question 3 should never have been included because it was vague and it appeared to be duplicative of Question 1 as worded. It was potentially duplicative. And the standard for deciding negligence pertaining to force and the standard for deciding reasonable force under Battery and 1983, when it comes to the force itself, is the same. Think of all the cases in the California Hays case and all our cases that say that California negligence law encompasses conduct broader than what the excessive force law. That is true, Your Honor, but the broader scope of the conduct that they're evaluating is before the force. The Hays case stands... Hays said that. No, Hays did not say that. That happened to be the facts in Hays, but Hays did not limit its statement to that type of force. What it says, Your Honor, and it cites to Hernandez and it cites to Graham, in that evaluating any officer-related conduct pertaining to a use of force, you apply Graham reasonableness. It's not a different standard to determine whether or not conduct is reasonable or not. What Hays stands for is that you can evaluate a broader scope of conduct leading up to the use of force to determine if that Graham unreasonable pre-force conduct makes the subsequent use of force itself unreasonable. Hays and Hernandez are very clear on this point. But when you evaluate that conduct, whether you're evaluating the pre-force conduct or the force itself, it's still the exact same standard. In fact, in Hernandez, the court expressly said that when you are evaluating negligence pertaining to force, you use the exact same rubric as you would under Graham. So with that, Your Honor, I'll preserve the balance of my time. This is a little too complicated to stop here. Hays talks about pre-force conduct not as a separate duty or injury but only as it informs the same act. So the police shot a person in Hays who had a knife, and the question was that could be reasonable under the Fourth Amendment at that moment that the force is applied because of what was happening. But Hays permits a broader scope of looking at the pre-force conduct to inform whether that same act is liable under a different theory of negligence. That is entirely true, Your Honor. Why couldn't that same notion be applied here where even if there's reasonableness under the Fourth Amendment in the way that the officers stunned the arrestee, restrained him, handcuffed him, but because they didn't check on his vitals or roll him over or do other things after the handcuffs were applied, that informs the same act of restraint but under a different legal consequence. Because that concept. So Hays talks about pre-force restraint possibly making the force unreasonable, right? And in this record, it was undisputed that all conduct leading up to the handcuffs being closed was reasonable and consistent with standard police practices. Agreed. So the only conduct that went to the issue, the only conduct they were evaluating was whether or not the ongoing restraint force was unreasonable. By keeping him there in that prone position, their theory was that maintaining that restraint position was unreasonable. That was the first question the jury answered, the only disputed factual issue that went to the jury, and their answer was no, it was not unreasonable. So with that, Your Honor, I will allow my partner to address the secondary issues. Thank you. Ms. McLaughlin. Good morning, Your Honors. As my esteemed colleague stated, my name is Abigail McLaughlin, and I also represent the County of Riverside in this matter. And while I am going to address how the procedural history in this matter does not support the appellee's claims on appeals, I did, as an initial matter, wanted to discuss the court's question as to whether assuming the district court is correct in that defendants cannot request the remedy here judgment as a matter of law, whether that is an independent and adequate basis for this court to affirm the district court on appeal. And I think that if we had a different record and different facts and a different legal standard in this case, the answer would be yes. However, in regards to the district court's analysis as to the defendants not being entitled to the remedy requested here, such was based on a different legal theory than defendants are asserting here. The district court stated that defendants were alleging that questions 1 and question 3 were inconsistent with each other and that the court could reconcile them. And as Mr. Stain already stated, we see how these verdicts can be reconciled. The problem here is that question 3 never should have gone before the jury. And in its order denying our motion for judgment as a matter of law, the district court actually stated that if defendants are correct on the law in regards to Hays and its progeny and the governing of the reasonable standard in this matter, then he never would have put question 3 on the verdict form. But, Ms. McLaughlin, the usual way that this goes is if you're challenging the verdict form or the instructions as legally inadequate and you prevail, you go back and get a new trial. What is your best case for the proposition that there's any permissible way to enter judgment when there are two irreconcilable verdicts and one could choose either one or the other? Well, Your Honor, we don't believe that one could choose either one or the other. What's your best case, is my question. The best case as to entry of judgment as a matter of law? Well, I think in that regard, it would be the Zhang case that was also cited by the district court, Your Honor. Because in Zhang, they talk about where factual findings conflict with the law, judgment is warranted. And here, the factual finding of question 1 was correct and was pursuant to the jury instructions that we assume that the jury follows in regards to the reasonableness standard. But I think the district court said we could have just as easily have started with question 1 as a negligence claim and then followed with question 3, that they were not linked together. The special verdict form didn't say, if you say yes or no in question 1, that disposes of question 3. So why is that wrong? And that the order of the questions did not matter. Well, Your Honor, that was based on the district court's assumption that defendants are wrong in regards to the reasonableness standard governing both the negligence claim and the excessive force claim as a single question in question 1. Now, if everything that the district court discusses in the order is under the premise that we are wrong on our interpretation of Hayes and its progeny, if we are correct on the interpretation of Hayes and its progeny and the district court agrees, question 3 never would have existed. It wouldn't have existed as question 1. It wouldn't have existed as question 3. It wouldn't have existed on the verdict form. And that's because, and why we believe that question 1 was more than adequate to provide the liability conclusion for defendants on all claims, as Mr. Sain already discussed, is that the difference between Fourth Amendment excessive force claims and Hayes' California law negligence claims is not that a different legal standard is applied, it's the scope of the conduct at issue. And here, as the court already noted and agreed, the parties had stipulated that all pre-force conduct had been reasonable as a matter of law. So when the jury was considering question 1, which asked whether all force restraint during the incident that was at issue was either excessive or unreasonable, they answered no, and that should have ended the query under the applicable law. Can I ask this? I was struck by the colloquy, I think by your co-counsel and the court, where the county proposed amending question 3 to say negligence in medical treatment of the arrestee, which, and the court said, well, you know, I think there could be other forms of negligence, or I guess the idea was the court thought that question 3 broadly encompassed other potentially negligent acts after the arrest. So why, if that might have been a permissible way to think of question 3, why doesn't that suggest two different theories at work that the jury could have relied on in making their determinations? Well, Your Honor, I don't think that that would represent two different theories, because in the record where my co-counsel, who was also trial counsel, asked about specifying that the negligence claim was as to medical care, because that would have been the only negligence claim that was not already encompassed in question 1. But then when you review the record, medical care negligence was never actually put before the jury. None of the jury instructions mention negligence in medical care. All of it refers to the use of force or restraint at the time of the incident, which was covered in question 1, rendering question 3 to not only be improperly vague, but also duplicative, especially where the jury already answered question 1 correctly and should have stopped their analysis there. I'd like to reserve my remaining time for rebuttal. All right. Thank you, Jennifer. Thank you. Good morning, Your Honors. John Burton and Dale Gallipo. For the plaintiff, welcome to our circuit, Judge Lynn. I know you've already made your stamp felt on other cases, and we appreciate that. I'm going to start, if I may, by just responding straight out to the court's question that we received in the order earlier this week. Assuming the district court correctly determined that the defendants are not entitled to the remedy they seek, this determination is an independent and adequate basis on which the judgment should be affirmed. Our plaintiff's answer to that is unequivocally and emphatically, yes, that's correct. There's simply no reason to get into the weeds in this case about what California law provides because defendants have not filed a motion that actually brings that issue up. The defendants chose, for their own tactical reasons, which are alluded to by the district court, to file a Rule 50B JMOL. When I was in law school, we called those JNOVs. And the standard, there's only one standard for JMOL post-trial that I could find, and that's that the evidence in support of the verdict is insufficient to support the jury's finding. There are several different ways that's formulated, but the essence is it's like a summary judgment, a directed verdict. There's just no facts that a jury could rely on to make the finding that there was post-handcuffing negligence by these officers. And the court addressed this specifically in its order, and we addressed it specifically in our lead argument on page 12 of our brief. The video, which, to our surprise, we had to file over the defendant's objection, shows that Mr. Nijeluk was held prone for five minutes after handcuffing while the deputies were waiting for the paramedics. And during the last four minutes he was held prone, he was not moving. Our expert on police practices said that is not the standard, either in California or nationally, that the standard is once a person is handcuffed, particularly someone who's in an agitated state like Mr. Nijeluk clearly was, they need to be put into a recovery position, which is defined as either rolled on his side or, better yet, sat up. Is this more of a use of force restraint issue or a negligent medical care issue? How would you define the contours of what it is that this four-minute period entails? We think that it was simply negligent handling of the prisoner after handcuffing. I mean, we thought of lots of sort of analogies, like what if they stood him up and walked him to the police car? So how do you think of that? So, I mean, I'm trying to follow the rule about you have a duty to reconcile. So it was an excessive force to chase him and to handcuff him, but it was negligent not to follow standard police practice in terms of what you do once you have someone prone on the ground in an agitated... I did not look at the video, but I have in mind the George Floyd video. And I'm just wondering if it's this post-duty of care that could have been in the jury's mind that they decided to say that the police were negligent. Well, that's absolutely the way the case was argued by the plaintiffs. We were actually unhappy that our 1983 claim was framed as a fourth claim. And what we had pled initially was in the alternative that it was excessive force to continue holding him down like this. And it was also a Section 1983 deliberate indifference violation of the duty that the officers had to render medical care. The court granted summary judgment on that claim. And in that opinion, which is not at issue here, said, well, they called the paramedics and basically under certain readings of circuit precedent, that was adequate. We actually filed a cross appeal, and that was the subject of our cross appeal, was that, in fact, we should have been able to go to the jury on that claim. For our own tactical reasons, we decided to dismiss that cross appeal and are simply asking that it be affirmed. I think the point of this order that the court gave... First, we think the district court got it right, that the standard for negligence and the standard under the 14th Amendment are different. The jury understood it as different. They were argued as different throughout the trial and throughout the closing. They answered one yes and one no. What is the difference in the federal claim on your issue of restraint and your state claim on your issue of restraint? And how did that get argued to the jury? That the federal claim had to be more forced and was reasonably necessary under the standard using all of the gram factors. The negligence claim was simply a failure to exercise due care for the safety of someone in their custody by putting them in a position where they could breathe and be monitored. Now, are those both analyzed as restraint issues or force issues? We analyzed everything as restraint. And so there was this back and forth throughout this whole process of the defense wanting to make everything in force and us focusing on restraint. Didn't the jury instructions for the negligent claim also bring up the gram factors? As I understand it, they were taken after the model Casey jury instructions, which do incorporate the gram factors as well. Yeah, that instruction was also given. And again, there's a little... I think the defendant's argument is this is one in the same analysis because you're applying gram factors in both jury instructions. And so how are we to distinguish what is the different standard for negligence versus Fourth Amendment here? Thank you, Your Honor. And I would answer that in two ways. Number one, we think that the district court got it right. I mean, this was argued throughout the pretrial and right up until the jury forum. But I think more important and more apropos to the question that was asked by the panel this week, if they were right, then these are inconsistent verdicts and the remedy is a new trial. And as the district court pointed out, if we were asked that, we would say, you know, don't throw us in the briar patch. I mean, we are more than happy to retry this case and try to prevail on the civil rights case. Could we order a retrial if defendants had not asked for it or have they forfeited that potential remedy? I would say forfeit is the right word or waived. They didn't ask for it. So if they were right and they asked for a new trial, we would be in a posture to address this question. And then if they prevailed on it, we would retry both claims. Because everything you're saying about, or everything they're saying about, well, because of the finding on excessive force, there must have been no negligence, we could make exactly the same argument. Well, because there was a finding on negligence, there had to be a finding also on excessive force. The two were put on the form as alternatives. You do one and then you do the other. Now, we all know, those of us with trial court experience, how juries actually process this. I mean, they're looking at the end result. There's likely divisions on the jury. We don't consider their deliberations. But this was obviously worked out over a period of a couple days to reach a certain result. Well, it looks to me like they split the baby. And that's how we felt when it came out. And that's, I think, what the district court thought. So if the jury form was defective, and we say it wasn't, they say it was, the trial court agreed with us. If the verdict form was defective and or if the verdicts are inconsistent, then if they would have asked for it, we could be discussing a new trial. But since they only asked for a Rule 50B judgment as a matter of law, and since they admit and they made no attempt to show that the negligence verdict was not itself supported by substantial evidence, there's a video, there's the testimony of our police practice expert, there's the testimony of our doctor, Dr. Will Glunter, that's a tongue twister, who said this is what caused the death, him having his breathing impaired, that if he would have been sat up, they would have been able to monitor his condition and notice that for four minutes he wasn't breathing and he wasn't responsive when they asked him his name and all of this stuff. That claim was supported by substantial evidence, so therefore they don't get the relief they asked for, which is 50B. Now, whether there were other errors, which they've said all along and we've opposed, those would entitle them to a new trial. They haven't asked for it. I don't think they've asked for it today. If the court wants to give us a new trial and reach out and decide these things, frankly, we would love to have another shot at this. You're not arguing we can't send it back for a new trial. You're arguing we shouldn't send it back for a new trial because they waived it? We're saying you shouldn't send it back for a new trial because they haven't asked for it. They've asked for the judgment be entered in their favor, and they have ignored the only standard I can find in the law. The Ninth Circuit has this great website on standards of review. I looked there. I looked at the Supreme Court. Is there a standard for a 50B entry of judgment against a plaintiff who has a jury verdict in her favor other than you don't have evidence to support it? If there is, I haven't seen it. So they've raised two points. Do you make the argument in the alternative that the district court got it right when it reconciled the verdict? We think the district court got it right when it reconciled the verdict. We think that. And we thought there should have been two questions on the verdict form. We think there was no error in that respect. So we think the judgment should be affirmed all the way through. Our point is, and the point, I think, of your order is, assuming, arguendo, they're right, that the negligence claim is the same as the excessive force claim, or the verdict form is defective, there should have been one question instead of two. It's sort of another way of phrasing it. Then we have a Seventh Amendment right to have our claim determined by a jury. So if that's correct and those are sustained, they asked for the wrong thing. They asked for judgment. It should have been a new trial. And that's what the district court said. That's what we said in our opposition in district court. We did not ask for a new trial because we don't think there's grounds for a new trial because we think the district court got it right. And I take a you-view haze as permitting a totality of the circumstances analysis that contemplates the officer's conduct after they've handcuffed the arrestee. Absolutely, Your Honor. I've been doing this a long time. And I remember when initially, back in the 80s, there was a case called Daniels. I'm forgetting the other name. Daniels v. Williams in the Supreme Court where the Supreme Court finally clarified, look, negligence is one thing. Section 1983 civil rights violations are something else. These are two different things. That's the Supreme Court. And then through a series of cases, there doesn't have to be a state remedy for negligence, but if there is or if there isn't, that doesn't affect 1983. California has a state remedy for negligence by police officers. So in haze, this court asked them to clarify, look, are these standards the same in the context of pre-shooting tactical decisions or are they distinct? The California Supreme Court said that they are different standards. Negligence is broader. That's been said every time it's come up in front of this circuit. In the Voss case, in the Tabaras case, they use the term distinct. They are two different theories. And one can see jurors saying, look, because they have an idea, negligence is like carelessness. It's like not being careful. Whereas a civil rights violation has an element of deliberateness to it. Even if the instructions vary, they get that. And that's really at the basis of this. So we had the two theories. We argued them that way. The judge instructed that way. They came out with a split decision that way, which was the chance we took. We accepted it. They said these verdicts are inconsistent. The verdict form was bad. We're saying, yeah, but you're not saying that our verdict is not supported by the evidence, which is the only standard for directing a verdict in your favor. You're not saying that. And in fact, it is supported by substantial evidence. And if you are right, you should have asked for a new trial. Now, whether this court should wade into that and say, well, we're going to use our equitable powers or even address this state law question, I'll leave that to your honors. I mean, from a practical standpoint, we would like to see a further elaboration on this. We think the Ozen, which is the unpublished case where the guy was arrested, he was put in tight handcuffs. It's unpublished. They said, well, the tight handcuffs were not excessive force, but maybe it was negligent. We'll let that go to the jury. We think that same principle applies here. A published decision saying that would sort of put this argument to rest and make life easier for us. But I think it's somewhat of a reach to get there because even if they're right, they're not entitled to the remedy unless you decide to say, well, even though they're asking for a directed verdict and even though plaintiffs are asking that it be affirmed so she can get her money and move on with her life, we're going to say there should be a new trial. So I'll leave that up to you. And unless there are any other questions, I don't need to use all my time. Well, you've gone over your time by all means. You know, I always get confused by this thing. I would have thought I still had two minutes left, but thank you very much, Your Honor. Thank you very much, counsel. That happens to me every time I'm here. Thank you. And thank you for the indulgence. Yes, thank you. Mr. Singh, you can have your two minutes even though you went over because Mr. Burton went over. Thank you, Your Honor. I appreciate that. Rule 50 and the Wadler case, 916 F. 3rd, 1176, are very clear that where a jury's factual finding is inconsistent with the law, judgment as a matter of law, even post-verdict, is the only appropriate remedy. And this court cannot follow the law without granting judgment here because the jury instruction, the only jury instruction that this jury was provided on negligence related to the officers, was jury instruction 27, record page 121, which asked them to consider whether or not the amount of force or restraint used by the deputies was unreasonable. Jury question number one asked, did the deputies use excessive or unreasonable force or restraint against Kevin Niedzlik? No. New trial was neither necessary nor wanted because the jury here decided the only factual dispositive issue that was before them. It was the only issue they needed to decide that eliminated all plaintiff's claims. And I thought it was telling that plaintiffs just now, Pelley's below, did not dispute that they had no viable operative negligence in medical care claim before this particular jury. Now, question three was vague. That was our problem with it. And at trial, we improperly suggested it should be amended to medical negligence even though there was no medical negligence pled. In fact, the complaint states that there was only a duty of care when restraining him, nothing about failure to provide medical care. The appeal is that it's based on inconsistent and irreconcilable jury verdict. Your Honor, that's correct. That's what you're appealing. You're not appealing whether or not question three was legal error. We're appealing that question three should never have been asked because it was disposed of. The real issue, the valid issue, was disposed of by question one. Question three, because of its inartful wording, suggested a claim that was not properly before this jury. There was no negligence at issue other than whether or not the post-Cuffean restraint force was negligent. And the verdict form, the jury instruction, told them if you don't find that that restraint, force or restraint, was unreasonable, you can't find negligence. The jury here concluded, based on sufficient evidence, that the force and restraint was reasonable. As a matter of law, you can't get to negligence as pled in this case if that is true. The only way to reconcile question three with question one is to presume that the jury invented a negligence claim that had never been pled, that was not operative, was not valid. That's the only way that we can follow Weeks and the Supreme Court mandates and Hayes and Hernandez and apply this record here. And because that's the only reasonable construction on this particular record, amended judgment is the only appropriate remedy here. I'd just like to address a couple of the other things that plaintiff raised. With regard to Rule 50B, the standard says that where evidence permits only one reasonable conclusion that is contrary to the verdict and or the law, that judgment as a matter of law is appropriate. That's all we're asking for here. With regard to the court's earlier question about whether or not this court could order a new trial, plaintiff's claim, we waived it, and we never asked for it, and we don't want it because that wasn't necessary. It wasn't appropriate here. The jury, after a multi-year litigation, after a lot of evidence, after two weeks of trial hearing all the evidence, when asked the only question that mattered, was the restraint force post-handcuffing reasonable, they said yes. The answer to that question disposed of everything else in the case, and only because of the court's erroneous inclusion of a vaguely worded negligence question in Question 3 that wasn't applicable and that is contrary to the law as it is depicted in Hayes, only because of that conclusion do we find ourselves here today. The only way to remedy that is to grant the judgment that defendants earned by the finding of the jury in response to Question 1. With that, Your Honors, we submit to the court, and thank you for your time, your attention, and your patience. Thank you very much. Alps v. County of Riverside will be submitted, and this session of the court will be adjourned for today. All rise. This court for this session stands adjourned.
judges: WARDLAW, SANCHEZ, Lynn